# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| JOSEPH M. WHITMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:19-cv-02143-TLP-tmp |
| v. | ) | |
| | ) | |
| SHELBY COUNTY DIVISION OF | ) | |
| CORRECTIONS, RON ABSTON, | ) | |
| WELLPATH, and 1-5 JOHN/JANE DOE | ) | |
| M.D., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DISMISSING ALL CLAIMS WITH PREJUDICE, DENYING LEAVE TO AMEND, DISMISSING CASE IN ITS ENTIRETY, ENTERING JUDGMENT, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, NOTIFYING PLAINTIFF OF APPELLATE FILING FEE, AND NOTIFYING PLAINTIFF OF STRIKE ASSESSMENT UNDER 28 U.S.C. § 1915(g)

## INTRODUCTION

Plaintiff Joseph M. Whitmore, who is incarcerated at the Shelby County Division of Corrections ("SCDC") in Memphis, Tennessee, sued *pro se* under 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff then amended his complaint. (ECF No. 8.) The Court dismissed his complaint for failure to state a claim and granted Plaintiff leave to amend. (ECF No. 12.) Plaintiff's amended complaint re-stated much of his original complaint. (ECF No. 13; *see also* ECF No. 16 at PageID 90.) Plaintiff then amended another time (ECF No. 14), with attachments (ECF No. 15). The Court then screened Plaintiff's second amended complaint (ECF Nos. 14 & 15 ("SAC")) under 28 U.S.C. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B); (ECF No. 16.)

In its first screening order, the Court dismissed with prejudice Plaintiff's medication-related claims in the SAC about Defendants SCDC and Ron Abston for failure to state a claim on which relief may be granted and for seeking monetary relief from a Defendant who is immune from that relief. The Court denied leave to amend those claims. (*Id.* at PageID 93–95 & 102–03). The Court also warned Plaintiff: "If an amended complaint purports to re-assert the medication-related claim against any Defendant for whom this Court has already dismissed that Claim, the Court will summarily dismiss it." (*Id.* at PageID 101.) The Court assessed a strike under 28 U.S.C. § 1915(g) over the medication-related claim against SCDC and Abston. (*Id.* at PageID 102).

Also in that first screening order, the Court dismissed without prejudice Plaintiff's medication-related claim in the SAC about Defendants Wellpath, Nurses John/Jane Doe 1-5, and John/Jane Doe MD for failure to state a claim on which relief can be granted and for seeking monetary relief from an immune Defendant. The Court granted leave to amend that medication-related claim against WellPath, Nurses John/Jane Doe 1-5, and John/Jane Doe MD. (*Id.* at PageID 95–97 & 103).

What is more, the Court dismissed without prejudice Plaintiff's ankle-related claim in the SAC about all Defendants for failure to state a claim on which relief can be granted and for seeking monetary relief from a Defendant who is immune from that relief. The Court again granted leave to amend that ankle-related claim in the SAC. (*Id.* at PageID 98–99 & 103; *see also id.* at PageID 101 ("If Plaintiff elects or fails to file an amended complaint within the time specified, the Court will dismiss the ankle-related claim as to all Defendants and will assess a strike under 28 U.S.C. § 1915(g) and enter judgment.")).

Plaintiff then filed a document titled "Plaintiff's First Amended Complaint." (ECF No. 17.) Plaintiff's filing appears to be an exact photocopy of the "Plaintiff's First Amended Complaint" that he filed earlier here. (ECF No. 14.)

## ANALYSIS

Plaintiff has flouted this Court's first screening order allowing him to file an amended complaint. Instead, he has filed a photocopy (ECF No. 17) of the same amended complaint he filed here previously. (ECF No. 14.) In fact, the Court closely reviewed both amended complaints and they are identical to each other, except for their remarkably different signatures. This suggests that Plaintiff himself did not sign at least one—but perhaps both—of them in violation of Fed. R. Civ. P. 11(a).[1] (*See* ECF No. 14 at PageID 82; ECF No. 17 at PageID 118.)

Plaintiff's decision not to amend his SAC but to instead re-submit exactly the same allegations that the Court has already found inadequate strongly suggests Plaintiff cannot cure his claims' deficiencies. The Court has twice afforded Plaintiff the chance to amend his claims. (ECF Nos. 12 & 16.) His new filing leaves the Court with exactly the same allegations that he asserted at the start of this case. Plaintiff makes no serious attempt to survive the screening here. Rather, he just photocopied his earlier deficient claims.[2] In the end his latest filing suffers from the same defects as his earlier filings.

To be sure, the Court tries to give *pro se* plaintiffs a chance to amend their complaint and it did so here. The Court has already granted him leave to do so twice. (ECF Nos. 12 & 16.)

---

[1] "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name -- or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a).

[2] As further procedural background, Plaintiff did not appeal the Court's May 27, 2020 dismissal order. He also did not serve any claims upon Defendants here.

The Court declines to do so again here because Plaintiff has already shown his efforts would prove futile.

Denial of leave to amend may be appropriate where there is "repeated failure to cure deficiencies by amendments previously allowed . . . " or "futility of the amendment . . . " *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see*, *e.g.*, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (leave to amend may be denied if the new complaint does not cure deficiencies in the old one and is doomed to the same fate).  An amended complaint "is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss."  *See Rumber v. D.C.*, 598 F. Supp. 2d 97, 102 (D.D.C. 2009) (internal citations omitted).

Plaintiff has repeated the same unsuccessful legal theories in his many submissions. The Court is convinced his latest photocopy (ECF No. 17) is just a way to delay the inevitable. Given that the Court has already explained to Plaintiff the defects in his pleadings and yet he has just photocopied and re-file them, another amendment now would be futile.  Again, Plaintiff has already amended his claims three times here.  (ECF Nos. 8, 13 & 14.)  The Court cannot conclude that giving him a chance to amend for the fourth time would yield a different result.

There is no hint in the record that any viable claim exists.  Plaintiff's earlier filings of course inform the Court's exercise of discretion here.  Plaintiff should not get many bites at the apple by realleging the same invalid theories in pleadings that differ only by the filing date.  *See Abraham v. Danburg*, 699 F. Supp. 2d 686, 688 (D. Del. 2010) (noting that a complaint is malicious when it "merely repeats pending or previously litigated claims").

Besides, Defendants would be prejudiced if they needed to defend this claim.  And allowing this case to go forward is counter to the public interest in prompt resolution of litigation.  This is because Plaintiff has wasted the chances this Court has given him by just refiling the very same document.

In the end, Plaintiff has not amended his complaint in compliance with either of this Court's earlier orders or the Federal Rules of Civil Procedure.  His time to do so has expired. For the same reasons discussed in the Court's prior orders, Plaintiff fails to state a claim on which relief may be granted.

And so Plaintiff's June 1, 2020 amendment (ECF No. 17) is **DISMISSED WITH PREJUDICE**, as are his earlier complaints (ECF Nos. 14 & 15) dismissed without prejudice. 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  For these reasons, this case is **DISMISSED** with prejudice in its entirety.  Leave to amend is **DENIED**.[3]

## **APPELLATE ISSUES**

The Court also considers whether it should allow Plaintiff to appeal this decision in forma pauperis if he seeks to do so.  A non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Federal Rule of Appellate Procedure 24(a).  *See Callihan v. Schneider*, 178 F.3d 800, 803–04 (6th Cir. 1999).  This rule provides that if the district court permits a party to proceed in forma pauperis in that court, that party may also proceed on appeal in forma pauperis without further authorization.  That is, unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis."  Fed. R. App. P. 24(a)(4).  Even so, if the district court denies pauper status,

---

[3] Courts need not grant leave to amend where an amendment cannot cure the deficiency.  *See*, *e.g.*, *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001).

the party may move to proceed in forma pauperis in the Court of Appeals.  Fed. R. App. P. 24(a)(5).

The good faith standard is an objective one.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  The test for whether a party appeals in good faith is if the litigant seeks appellate review of any issue that is not frivolous.  *Id.*  On that basis, it would be inconsistent for a district court to determine that a complaint should be dismissed before service on the defendants but finds enough merit to support an appeal in forma pauperis.  *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).  In the end, the same considerations that lead the Court to dismiss Plaintiff's claims for failure to state a claim also suggest that an appeal would not be taken in good faith.

This Court therefore **CERTIFIES**, under Federal Rule of Appellate Procedure 24(a), that any appeal here by Plaintiff would not be taken in good faith.  The Court **DENIES** leave to proceed on appeal in forma pauperis.  Thus, if Plaintiff appeals, he must pay the full $505 appellate filing fee or move for leave to appeal in forma pauperis with a supporting affidavit in the Sixth Circuit Court of Appeals.  *See* Fed. R. App. P. 24(a)(5).

## NOTICE OF STRIKE ASSESSMENT

In accordance with the Court's May 27, 2020 order, and for screening analysis under 28 U.S.C. § 1915(g) of future filings by Plaintiff on the SAC's ankle-related claim against SCDC, Abston, Wellpath, Nurses John/Jane Doe 1-5, and John/Jane Doe MD, this is the first dismissal of one of his cases as frivolous or for failure to state a claim.  This strike will take effect when judgment is entered.  *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763–64 (2015).

## <u>CONCLUSION</u>

The Court **DISMISSES WITH PREJUDICE** all of the SAC's claims that had been dismissed without prejudice in the Court's May 27, 2020 order (ECF No. 16) for failure to state a claim on which relief can be granted and for seeking monetary relief from a Defendant that is immune from that relief, under 28 U.S.C. §§ 1915(e)(2)(B)(ii)–(iii) and 1915A(b)(1)–(2). Further leave to amend the SAC is **DENIED**.

The Court **DISMISSES WITH PREJUDICE** all the claims that Plaintiff filed on June 1, 2020 (ECF No. 17) for failure to state a claim on which relief can be granted and for seeking monetary relief from a Defendant that is immune from that relief, under 28 U.S.C. §§ 1915(e)(2)(B)(ii)–(iii) and 1915A(b)(1)–(2). Leave to amend the claims filed on June 1, 2020, is **DENIED**.

The Court also **CERTIFIES** that any appeal here would not be taken in good faith and **DENIES** Plaintiff leave to proceed in forma pauperis on appeal.

The Court **ASSESSES** Plaintiff his first strike under 28 U.S.C. § 1915(g) as to his ankle-related claim (as described in ECF No. 16) against SCDC, Abston, Wellpath, Nurses John/Jane Doe 1-5, and John/Jane Doe MD. This strike will take effect when judgment is entered.

**SO ORDERED**, this 28th day of September, 2020.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE